IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:23-cv-03603-SEG |
| JOHN DOE, ALI BORE, BORE TRANSPORT, INC., ABSHIR BORE, BORE EXPRESS, INC., AMGUARD INSURANCE COMPANY, AND INFINITY SELECT INCURANCE COMPANY, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMGUARD INSURANCE COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT**

COMES NOW AMGUARD INSURANCE COMPANY, a Defendant herein, and files and serves its Brief in Opposition to Plaintiff's Motion for Default Judgment, showing the Court as follows:

**I.   INTRODUCTION**

Plaintiff moves for Default Judgment against Ali Bore, Bore Transport, Inc., and Defendant Bore Express, Inc. (collectively, the "Bore Defendants"). (Doc. 59, p. 1). Several fatal flaws doom this attempt.

But before that, some procedural history. The injuries Plaintiff claims to have occurred in this case are alleged to have happened on March 25, 2021. (Doc. 1-1, p. 3, Para. 8). Plaintiff filed this case on March 17, 2023, in the State Court of Fulton County. (Doc. 1-1, p. 1). Amguard removed the case to this Court on August 14, 2023. (Doc. 1).

Plaintiff's attempts to have the Court enter default fail on statute on limitations grounds, and because of ineffective service. As for the service attempt, Plainitff alleges the Bore Defendants were all served on May 17, 2024. (Doc. 60, p. 2; Doc. 60-1 through 60-3). But in each instance, the respective Bore Defendants were purportedly served with the *state court* action, Case no. 23EV001627, with no information whatsoever pertaining to the fact the case has been removed. (Doc. 60-1 through 60-3). Not only this, instead of filing the returns of service in federal court where this action is pending, Plaintiff filed them in the state court system, in a case that has been closed for over a year, and well past Rule 4(m)'s 90-day requirement at that. As a result, no Party but Plaintiff in this case had any knowledge that service had been attempted.

There are other infirmities with service to be discussed below.

The second reason Plaintiff's request for default should fail is because the statute of limitations in this case ran on March 25, 2023. With service being attempted/had over a year after the expiration of that statute, and with no explanation being given as to why such a delay occurred, Plaintiff's Motion should be denied.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A. Bad and Untimely Service

Federal Rule 4(l) directs that "proof of service must be made to the court." As here, filing proof of service in a state court having no jurisdiction over a now legal federal matter does not suffice to meet the letter and/or spirit of the Rule. And as mentioned, the service documents relate that the Complaint was attempted to be served, but there is no mention that the removal pleadings/filings were included. Were service to have been properly made, and the Bore Defendants attempted to answer, they would have been led to answer in a case that no longer exists.

On a related note, Federal Rule 4(m) requires service within 90 days after suit is filed, or the claims are subject to dismissal. Service was attempted here over a year after the Complaint was filed and the allegations against the Bore Defendants are subject to dismissal, not an entry of default.

Further, two of the three entries of service (Doc. 60-1; 60-3) do not identify who was being served, how they were served, and contain no signature by the Marshall.

### B. Statute of Limitations

This personal injury case being based on diversity jurisdiction, the statute of limitations expired two years from the date of injury. O.C.G.A. Sec. 9-3-33. Service being attempted some 3 years after the injury, Plaintiff's claims against the Bore Defendants are subject to dismissal, as opposed to an entry of default.

WHEREORE, Amguard requests this Court to inquire into and deny Plaintiff's Motion to Enter Default, and dismiss the Bore Defendants as a matter of Rule 4(m) course.

Respectfully submitted this 23rd day of September, 2024

**HALL BOOTH SMITH, P.C.**

*/s/ Phillip E. Friduss*
Phillip E. Friduss, Esq.
Georgia Bar No. 277220
*Attorney for Amguard Insurance Company*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia  3030
pfriduss@hallboothsmith.com

4

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **Defendant Amguard Insurance Company's Brief in Opposition to Plaintiff's Motion For Default** via the Court's efiling system and/or email and First-Class mail to the following:

India A. Johnson
PO Box 592
Mableton, Georgia
(770) 256-3851
Indiaj.dluxxam@gmail.com

Myrece R. Johnson, Esq.
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree St., NE.
Suite 800
Atlanta, Georgia  30309
Myrece.johnson@swiftcurrie.com
*Attorney for Infinity Select Insurance Company*

Ali Bore
c/o #1 A+ Agents of Process, Inc.
Kenneth Goggins, Jr.
466 Mellview Ave SW
Atlanta, Georgia  30310

Bore Transport, Inc.
c/o #1 A+ Agents of Process, Inc.
Kenneth Goggins, Jr.
466 Mellview Ave SW
Atlanta, Georgia  30310

Bore Express, Inc.

c/o #1 A+ Agents of Process, Inc.
Kenneth Goggins, Jr.
466 Mellview Ave SW
Atlanta, Georgia  30310

This 23rd day of September, 2024.

                                       **HALL BOOTH SMITH, P.C.**

                                       *s/ Phillip E. Friduss*
                                       Phillip E. Friduss, Esq.
                                       Georgia Bar No.
                                       *Attorney for Amguard Insurance Company*