UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INDIA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE, ALI BORE, BORE TRANSPORT, INC., ABSHIR BORE, BORE EXPRESS, INC., AMGUARD INSURANCE COMPANY, AND INFINITY SELECT INSURACE COMPANY,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:23-CV-03603-SEG |

**O R D E R**

This case involves a motor vehicle accident and related insurance disputes. It is presently before the Court on Defendant AmGuard Insurance Company's motion for summary judgment. (Doc. 47.)

On March 25, 2021, *pro se* Plaintiff India Johnson was in a vehicular accident. (Def's SMF, Doc. 47-2 ¶ 1; Pl's Resp. to Def's SMF, Doc. 50 ¶ 1.) An unknown, John Doe driver of a tractor trailer backed into her twice while Plaintiff was in stop-and-go traffic on the highway. (Doc. 47-2 ¶ 2; Doc. 50 ¶ 2; Johnson Dep., Doc. 47-3 at 3-4.) On May 25, 2023, Plaintiff filed this multi-count action against several parties, including, *inter alia*, the John Doe driver,

John Doe's purported employers (*i.e.*, Bore Transport, Inc. and Bore Express, Inc.), and two insurance companies. (*See generally* Am. Compl., Doc. 3.)

As relevant here, Plaintiff asserts a direct-action claim against AmGuard under O.C.G.A. § 40-2-140(d)(4), which, at the time in question, provided that "[a]ny person having a cause of action . . . under this Code section may join in the same cause of action the motor carrier and its insurance carrier."[1] Plaintiff's claim against AmGuard is premised on the theory that AmGuard was the insurer for the tractor trailer driver who hit her. On summary judgment, Plaintiff has presented evidence that the tractor trailer in question had "US DOT number 1134892" written on the side, along with the words "Bore Transport" in blue letters. (Doc. 47-2 ¶ 4; Doc. 50 ¶ 4.) Plaintiff also photographed the tractor trailer's VIN number, which was 3AKJGLD61FSFZ4430. (*See id.*; *see also* Doc. 47-4.)

AmGuard acknowledges that it issued insurance policies to Defendants Ali Bore d/b/a Bore Transport and Bore Express, Inc. (Doc. 47-1; Doc. 47-2 ¶¶ 5, 7-8.) But it denies that it was the common motor carrier *for the specific*

---

[1] Georgia's direct-action statute was amended effective July 1, 2024. O.C.G.A. § 40-2-140 (West 2024). The Court cites to the prior version of the statute.

*vehicle involved in the accident.* (*Id.* ¶¶ 9-11.) AmGuard's summary judgment motion is focused on proving the same.[2]

To show that it was not the insurance carrier for the vehicle that hit Plaintiff, AmGuard submitted the affidavit of AmGuard's in-house coverage attorney, Mark Fontanella. (Fontanella Aff., Doc. 47-5.) Through his affidavit, Fontanella authenticated two AmGuard insurance policies, one issued to Ali Bore and the other to Bore Express. (*Id.* ¶ 4.) The policies listed the respective insureds' covered vehicles, identifying them by VIN. (*See, e.g.*, Doc. 47-5 at 11, 13, 15, 17, 19, 21, 23, 25, 29, 31.) Fontanella averred that the policies in effect at the time of Plaintiff's accident do not list a vehicle with VIN 3AKJGLD61FSFZ4430. (Fontanella Aff., Doc. 47-5 ¶¶ 4-5.) He further asserted that AmGuard "did not provide insurance coverage to any of the named Defendants [in this case] for the vehicle allegedly involved in the accident serving as the basis for the referenced lawsuit." (*Id.* ¶¶ 3, 6.)

Defendant contends that "[a]bsent proof that AmGuard actually provided coverage for the truck Plaintiff alleges struck her there can be no liability against [AmGuard] under Georgia's direct-action statute, O.C.GA. § 40-2-140(d)(4)." (Doc. 47-1 at 1-2.) However, the insurance policies AmGuard

---

[2] AmGuard does not present evidence on summary judgment to show that its insureds did not employ John Doe.

has produced *(i.e.* AmGuard Business Automobile Policy Nos. NCFR 00109697-03 and NCFR 209996-02) each contain MCS-90 endorsements. (Doc. 17-2 at 45-47, 139-141.) The MCS-90 endorsements amend the AmGuard insurance policies to comply with "Section 29 and 30 of the Motor Carrier Act of 1980." (Doc. 17-2 at 45, 139.) They state in part:

> In consideration of the premium stated in the policy to which this endorsement is attached, *the insurer . . . agrees to pay*, within the limits of liability described herein, *any final judgment recovered against the insured for public liability resulting from negligence* in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 *regardless of whether or not each motor vehicle is specifically described in the policy* and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Doc. 17-2 at 46, 140 (emphasis added).

> It is well established that the primary purpose of an MCS-90 endorsement is to assure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers. . . In order to accomplish this purpose, the endorsement makes the insurer liable to third parties for any liability resulting from the negligent use of any motor vehicle by the insured, even if the vehicle is not covered under the insurance policy.

*Waters v. Miller*, 560 F. Supp. 2d 1318, 1321 (M.D. Ga., 2008), *aff'd* 564 F.3d 1355 (11th Cir. 2009) (internal citations omitted). "In essence, an MCS-90 endorsement 'creates a suretyship, which obligates an insurer to pay certain judgments against the insured arising from interstate commerce activities,

4

even though the insurance contract would have otherwise excluded coverage.'" *Lancer Ins. Co. v. Jet Exec. Limousine Serv., Inc.*, 614 F. Supp. 3d 1351, 1359 (N.D. Ga. 2022) (quoting *Grange Indem. Ins. Co. v. Burns*, 788 S.E.2d 138, 140 (Ga. Ct. App. 2016)).

Having reviewed the parties' briefing and evidence, the Court notes that neither Plaintiff nor AmGuard address the potential significance of the MCS-90 endorsements to the issues before the Court. As the MCS-90 endorsements may bear on AmGuard's entitlement to summary judgment, the Court deems it prudent to seek supplemental briefing on this matter.

For the foregoing reasons, the Court **DIRECTS** Defendant AmGuard to file by April 7, 2025, a reply brief addressing the relevance, if any, of the MCS-90 endorsements to its summary judgment motion.[3] Plaintiff may file a sur-reply brief by April 21, 2025. The Court **STAYS** AmGuard's motion for summary judgment (Doc. 47) pending the submission of supplemental briefing.

---

[3] In its reply brief, AmGuard should also provide legal authority to support its argument that the absence of the pertinent VIN number in the relevant insurance policies demonstrates that it is entitled to summary judgment under Georgia's direct-action statute.

**SO ORDERED** this 24th day of March, 2025.

_____
SARAH E. GERAGHTY
United States District Judge