# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INDIA JOHNSON,<br><br>           Plaintiff,<br><br>v.<br><br>JOHN DOE, ALI BORE, BORE TRANSPORT, INC., ABSHIR BORE, BORE EXPRESS, INC., AMGUARD INSURANCE COMPANY, and INFINITY SELECT INSURANCE COMPANY,<br><br>           Defendants. | **CIVIL ACTION FILE NO.**<br>1:23-CV-03603-SEG<br><br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT AMGUARD INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE OUT-OF-TIME SECOND MOTION FOR SUMMARY JUDGMENT

COMES NOW AMGUARD INSURANCE COMPANY, Defendant herein, and respectfully requests this Court to permit the filing of an out-of-time Second Motion for Summary Judgment, showing the Court as follows:

### I.    BACKGROUND

In its original Motion, this Defendant unfortunately omitted several bases for its argument it is entitled to summary judgment. Regarding one of these Court asked for further briefing on the effect of a-90 endorsements to the at issue policies. Rather

than withdrawing its Motion, Defendant should have relied on its obligations under the MCS-90 endorsement and why the procedural history of this case shows that none of those obligations was ever triggerd.  The Court's allowing this Defendant to file this out of time Motion for Summary judgment will positively impact the Court's judicial resources.

Not raised in this Defendant's original Motion for Summary Judgment is that the MCS-90 policies at issue in this case provide indemnity solely in the event of an adverse judgment against an insured. Only, there are no insured Party Defendants to this action.  Absent a judgment against an insured, Amguard's duty to indemnify is not triggered, and hence summary judgment would be appropriate.

To explain.  Plaintiff believes otherwise as evidenced by her Motion for Default Judgment against the "Bore Group" of Defendants (Ali Bore, Bore Transport, Inc., and Bore Express, Inc.) (Doc. 59, p. 1).  But that effort fails for the reasons set out in Defendant's response to same (Doc. 61).  To wit, Plaintiff filed suit on March 17, 2023, in the State Court of Fulton County.  (Doc.1-1, p. 1).  Plaintiff was purportedly injured on March 25, 2021 (Doc. 1-1, p. 3. Para 8), resulting in the statute of limitations expiring on March 25, 2023.  O.C.G.A. § 9-3-33.

In her Motion for Default, Plaintiff alleges that the Bore Group were all served with process on May 17, 2024 (Doc. 60, p. 2; Doc 60-1 through 60-3). But this service not only fails on statute of limitations grounds by nearly fourteen (14) months, but also because it occurred well beyond Fed. R. Civ. P. 4(m)'s ninety (90) day service requirement. (*Id.*) (or, if under state law, 5 days, O.C.G.A. § 9-11-4(c)(5)).[1]

Plaintiff also filed the returns of service in *the state court action,* (not in the removed federal action) a case that had been closed for over a year by that time. Per Fed. R. Civ. P. 4(l), proof of service was required to be made in this Court, and as mentioned, within ninety (90) days of filing suit (or if under state law, 5 days, O.C.G.A. § 9-11-4(h). There has been no formal proof of service, only those affidavits filed as exhibits in connection with her Motion for Default, filed nearly 14 months after filing suit.

For all these failures, summary judgment is appropriate, as with no Defendant insureds properly in this Court, there can be no duty to indemnify under the terms of the MC-90 endorsements.

---

[1] Defendant notes that as best one can tell, Doc. 60-1 through 60-3 show service only upon Bore Express, Inc., not the other Bore Group members.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Court's Discretion

Defendant is aware that the Court's Standing Order speaks to extensions of time, and requires such requests to be filed 2 days before the deadline in question. Defendant is also aware Federal judges are given wide authority and discretion in the cases over which they preside. *See generally,* United States Courts – *About Federal Judges*. https://www.uscourts.gov/about-federal-courts/about-federal-judges. This Court specifically has the power to allow for the filing of the requested out of time motion for summary judgment L.R.N.D. Ga. 56.1(D).

Here, Defendant has come across these new arguments late in the game, for sure. But each one is case dispositive and would serve to promote judicial economy by dispensing with this lawsuit without the expense and effort of empaneling a jury. No prejudice would befall Plaintiff, as she would be given every opportunity to respond to the Motion in order to prove to the Court that she is otherwise entitled to a trial.

Defendant takes the opportunity here to touch upon further the grounds for which the proposed motion for summary judgment would be based.

### B. Absent a Judgment Against an Insured, no Liability can be had Against This Defendant

As referenced in the original summary judgment briefing, through the Affidavit of Mark Fontanella, Doc. 47, pp. 5-6, Amguard did not provide insurance

coverage to any of the Bore Group "Defendants" for the vehicle Plaintiff claims was involved in the accident(s). This said, the Court was correct in pointing out the MCS-90 endorsements in its efforts to determine the effects those endorsements had on the original Motion for Summary Judgment (Doc. 73, pp. 3-5), as the Parties had been silent on any such issue.

MCS-90 endorsements are not insurance.[2] In Congress' efforts to ensure that the injured public can be compensated by motor carriers, the Motor Carrier Act, 49 U.S.C.S. § 31139(b), requires what is found in the MCS-90 endorsements. *Waters v. Miller*, 560 F. Supp. 2d. 1318, 1321 (M.D. Ga. 2008), *aff'd*, 564 F.3d 1355, (11th Cir. 2009). The MCS-90 endorsements in this matter, found in the attachments to the Fontanella Affidavit state:

> [T]he insurer (the company) agrees to pay within the limits of liability described herein, *any final judgment recovered against the insured* for public liability resulting from negligence in the operation…of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy… .

(Doc. 17-2, pp. 46, 140) (emphasis added).

---

[2] In response to this Court's request for further briefing on the MCS-90 issue, this Defendant mistakenly advised that the MCS-90 endorsements may provide insurance. That is incorrect. These endorsements are agreements to indemnify its insureds in the case of an adverse *judgment* only. This raises the question of whether Amguard is an "insurance carrier" within the meaning of Georgia's Direct-Action Statute, O.C.G.A. § 40-2-140(d)(4). This issue, too, would be raised in the subsequent motion for summary judgment.

But, as mentioned, Amguard's duty to indemnify will not be triggered in this case as none of its insureds, the Bore Group, are Parties to this case. This, for several reasons.

The first reason is that purported service upon the Bore Group was not had until May 17, 2024 (Doc. 60, p. 2; Doc 60-1 through 60-3) (although it appears that only Bore Express, Inc., was actually served). Plaintiff's alleged injuries having occurred on March 25, 2021 (Doc. 1-1, p. 3. Para 8), the statute of limitations expired on March 25, 2023. O.C.G.A. § 9-3-33. Plainitff's suit is time-barred as to the Bore Group, and because of this, Defendant Amguard's duty to indemnify its insureds will not be triggered as there can be no judgment against them.

The second reason is that service was not perfected within the ninety (90) day window provided in Fed. R. Civ. P. 4(m), and such proof, if any was made in the state court action that had been closed for nine (9) months by that point. The third reason is that the Bore Group of Defendants were improperly only served with the Complaint in the state court action, Case No. 23EV001627, with no reference to an Amended Complaint and with no reference to the fact the case had been removed.

Unless the Court deems Doc. 60-1-through 3 (filed in connection with Plainitff's Motion for Default) to be an effective means of proof of service, the fourth reason is that there is no formal proof of service in this Court as required by Fed. R. Civ. P. 4(I) and/or O.C.G.A. § 9-11-4(h). Defendant contends that these rules do not

contemplate attaching evidence of service as exhibits to a Motion for Default as proof of service. No effective proof of service has been timely made under either state of federal law. Defendant does contend the Federal Rule for filing such proof of service applies, given it was the only open case at the time.

**C. No Interstate Travel**

The MCS-90 endorsements are only triggered if the truck in question was engaged in interstate travel. *Grange Indemnity Insurance Co. v. Burns*, 337 Ga. App. 532, 537-39 (2016); *Lancer Insurance Company v. Jet Executive Limousine Service, Inc. et al.*, No. 1:2019cv03024 p. 15 (N.D. Ga. 2022).

### III.   CONCLUSION

Amguard apologizes to the Court and Parties for not raising these issues in its original Motion for Summary Judgment. These issues are indeed case dispositive, and proceeding to trial would negatively impact both this Court's judicial and the Parties' resource economies. No prejudice will befall Plaintiff by allowing for the late filing of the requested motion, as she will have every opportunity to respond to every issue, and to explain why she believes she is entitled to a jury trial.

WHEREFORE, this Defendant respectfully requests this Court inquire into, and grant this Motion allowing for it to file an out of time Motion for Summary Judgment.

Respectfully submitted this 28th day of May, 2025.

                                  **HALL BOOTH SMITH, P.C.**

                                  */s/ Phillip E. Friduss*
                                  PHILLIP E. FRIDUSS
                                  Georgia Bar No. 277220
                                  *Counsel for Defendant Amguard*
                                  *Insurance Company*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1755
Tel: 404-954-5000
Fax: 404-954-5020
E-Mail: pfriduss@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INDIA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, ALI BORE, BORE TRANSPORT, INC., ABSHIR BORE, BORE EXPRESS, INC., AMGUARD INSURANCE COMPANY, and INFINITY SELECT INSURANCE COMPANY, <br><br> Defendants. | **CIVIL ACTION FILE NO.** <br> 1:23-CV-03603-SEG <br><br><br> **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **DEFENDANT AMGUARD INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE OUT OF TIME SECOND MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Lauren D. Woodrick
Douglas Lee Clayton
**MARSH ATKINSON & BRANTLEY**
271 17th Street, NW., Suite 1600
Atlanta, GA. 30363
lauren.woodrick@mablawfirm.com
lee.clayton@mablawfirm.com
*Counsel for Infinity Select Insurance Company*

I further certify that this document was served on the same date by U.S. mail, first class postage prepaid, on the following non-CM/ECF participant:

India Johnson
P.O. Box 592
Mableton, GA. 30126
Indiaj20@yahoo.com
indiaj.dluxxam@gmail.com
**PRO SE**

Respectfully submitted this 28th day of May, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Phillip E. Friduss*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
*Counsel for Defendant Amguard Insurance Company*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1755
Tel: 404-954-5000
Fax: 404-954-5020
E-Mail: pfriduss@hallboothsmith.com