UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INDIA JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, ALI BORE, BORE TRANSPORT, INC., ABSHIR BORE, BORE EXPRESS, INC., and AMGUARD INSURANCE COMPANY,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-03603-SEG |

**O R D E R**

This case is before the Court on Plaintiff's motion for entry of default. (Doc. 59.) Plaintiff, proceeding *pro se*, requests an entry of default against Defendants Ali Bore, Bore Transport, Inc., and Bore Express, Inc. ("the Bore defendants").

**I.　Background**

This case arises from an alleged highway collision that Plaintiff had with a tractor trailer. Plaintiff filed a complaint in the State Court of Fulton County on March 17, 2023. (Doc. 1-1.) Plaintiff filed an amended complaint in that court on May 25, 2023. (Doc. 3.) Plaintiff alleged that a truck with "Bore Transport" written on the side backed into her vehicle on March 25, 2021, then

left the scene of the accident. (*Id.* ¶¶ 8–10.) Plaintiff alleged that the driver was an employee or agent of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Defendant Bore Express, Inc. (*Id.* ¶ 12.) Plaintiff alleged that Defendant Amguard Insurance Company ("Amguard") insured the Bore defendants. (*Id.* ¶ 13.)

Defendant Amguard removed the case to this Court on August 14, 2023. (Doc. 1.) Defendant Amguard filed an answer, participated in pretrial discovery, and filed a motion for summary judgment. (Doc. 5, 47.) Defendants Ali Bore, Bore Transport, Inc., Abshir Bore,[1] and Bore Express, Inc. have not appeared in this case. Plaintiff filed a motion for entry of default against the Bore defendants on September 16, 2024. (Doc. 59.) Defendant Amguard opposes Plaintiff's motion. (Doc. 61.)

## II.  Legal Standard

Under Federal Rule of Civil Procedure 55, a plaintiff must follow a two-step process when seeking default judgment. First, the clerk must enter a party's default when the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).

---

[1] Plaintiff does not seek an entry of default against Defendant Abshir Bore. In fact, Plaintiff's reply brief includes an embedded request for an extension of time to serve Defendant Abshir Bore. (Doc. 62 at 6–7.) The Court will not consider this request without a separate motion requesting such relief.

Though the entry of default is a "ministerial act" that is "within the purview of the clerk," the court also has the power to enter a party's default. *Wilson v. Kelly*, No. 1:18-CV-5014-AT, 2019 WL 5485126, at *1 (N.D. Ga. Apr. 10, 2019). Second, after a default is entered, the plaintiff must then move for a default judgment. Fed. R. Civ. P. 55(b). As a result, the "'entry of default must precede an application' for default judgment." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) (quoting *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08-cv-498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010)).

"If the plaintiff has failed to properly serve the defendant with process, then the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond." *Lyons v. Elite St. Cap. LLC*, No. 1:22-CV-1991-MHC, 2022 WL 18459843, at *1 (N.D. Ga. Dec. 2, 2022) (citing *Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FTM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016)); *see also Dixit v. Fairnot*, No. 23-11436, 2025 WL 1733887, at *7 (11th Cir. June 23, 2025) ("[I]t would have been improper at that point, when it was not clear that the defendants had been properly served, to enter a default against the [defendants]."). The plaintiff bears the burden to demonstrate proper service. *Lyons*, 2022 WL 18459843, at *1 (citing Fed. R. Civ. P. 4(l)).

"Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "An unsworn written declaration may be used as evidence if the writer includes and signs a statement such as, 'I declare under penalty of perjury that the foregoing is true and correct.'" *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (citing 28 U.S.C. § 1746).

### III.  Discussion

Instead of filing "the server's affidavit," Fed. R. Civ. P. 4(l)(1), Plaintiff filed two of her own affidavits in support of her motion for entry of default. (Doc. 60, 63.)  In the first affidavit, Plaintiff swears that a Fulton County Marshal served the Bore defendants with the summons and complaint on May 17, 2024. (Doc. 60 ¶ 2.)  Plaintiff attaches three "Marshal's Entry of Service" forms from the State Court of Fulton County. (Doc. 60-1 through -3.)  Each form contains the name of a different Bore defendant.  The form for Defendant Bore Transport is completed in handwriting. (Doc. 60-2.)  The forms for Defendants Ali Bore and Bore Express are completed in typeface. (Doc. 60-1 and -3.)  The typeface is highlighted or smeared so it is not entirely legible. However, each of the three forms has a legible state court case number and contains a statement that the defendant was served "by leaving a copy of the

4

within action and summons" with someone in charge of the defendants' office on May 17, 2024. (*Id.*)

In the second affidavit, Plaintiff explains that she provided the Fulton County Marshal with a summons from this Court for service on the Bore defendants. (Doc. 63 ¶ 5.) Plaintiff further explains that the Fulton County Marshal's Department did not return the original forms for Defendants Ali Bore and Bore Express. (*Id.* ¶ 7.) Plaintiff states that "true and correct" copies of the original returns are attached to her second affidavit. (*Id.*) Plaintiff attached two more "Marshal's Entry of Service" forms for Defendants Ali Bore and Bore express. (Doc. 63-25, -26.) These forms are completed in handwriting and each form contains a statement that the defendant was served "by leaving a copy of the within action and summons" with someone in charge of the defendants' office on June 28, 2024. (*Id.*) Plaintiff also attached various other documents to her second affidavit, including copies of summons issued by the Superior Court of Fulton County and by this Court.

Plaintiff has not provided sufficient proof of service under Federal Rule of Civil Procedure 4(l)(1). The rule requires proof by the server's affidavit, but Plaintiff has only provided her own affidavits. The rule contains an exception for service made by a United States marshal or deputy marshal, not a county marshal like Plaintiff obtained. The county marshal's returns do not appear

to contain a sworn statement or statement made under the penalty of perjury. Moreover, based on Plaintiff's filings, the Court cannot determine precisely when the county marshal effected service (on May 17 or June 28, 2024), or what documents the county marshal served (the summons issued by the Superior Court of Fulton County, the summons issued by this Court, or both). *See George v. Atlanta Indep. Sch. Sys.*, No. 1:20-CV-04789-WMR-AJB, 2022 WL 22867373, at *1 (N.D. Ga. Jan. 31, 2022) (finding that entries of service completed by a Fulton County sheriff's deputy failed to prove proper service). Accordingly, Plaintiff is not entitled to an entry of default against Defendants Ali Bore, Bore Transport, Inc., and Bore Express, Inc. at this time.[2]

These proceedings show that Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and Bore Express Inc. may be subject to dismissal under Federal Rule of Civil Procedure 4(m), which requires Plaintiff to serve Defendants

---

[2] Defendant Amguard Insurance Company argues that Plaintiff's motion for default fails because Plaintiff's claims are subject to dismissal under the statute of limitations. (Doc. 61 at 4.) This argument may well have merit but is premature. For entry of default judgment, Plaintiff is only required to show that the Bore defendants "failed to plead or otherwise defend" under Federal Rule of Civil Procedure 55(a). Should Plaintiff proceed to a default judgment motion under Rule 55(b), then the Court will assess the sufficiency of her claims. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). Alternatively, one or more of the Bore defendants may choose to appear and raise the issue.

within 90 days after the complaint is filed. The Court **DIRECTS** Plaintiff to file adequate proof of service on Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and Bore Express Inc. **within 21 days of this order**. Should Plaintiff fail to provide adequate proof of service on these defendants, they will be subject to dismissal under Rule 4(m). Plaintiff may petition the clerk for entry of default after filing proof of service under Rule 4(l).

## IV. Conclusion

The Court **DENIES** Plaintiff's motion for entry of default (Doc. 59) against Defendants Ali Bore, Bore Transport, Inc., and Bore Express, Inc. Further, the Court **DIRECTS** Plaintiff to file adequate proof of service on Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and Bore Express Inc. **within 21 days of this order**. Should Plaintiff fail to provide proof of service on these defendants, they will be subject to dismissal under Federal Rule of Civil Procedure 4(m).

**SO ORDERED** this 2nd day of September, 2025.

_____
SARAH E. GERAGHTY
United States District Judge