UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INDIA JOHNSON,

        Plaintiff,

    v.

JOHN DOE, ALI BORE, BORE
TRANSPORT, INC., ABSHIR
BORE, BORE EXPRESS, INC., and
AMGUARD INSURANCE
COMPANY,

        Defendants.

CIVIL ACTION NO.

1:23-CV-03603-SEG

## O R D E R

This case is before the Court on Defendant AmGuard Insurance Company's motion for leave to file out-of-time second motion for summary judgment. (Doc. 78.) After careful consideration, the Court enters the following order.

## I.    Background

This case arises from an alleged highway collision that Plaintiff had with a tractor trailer. Plaintiff alleges that a truck with "Bore Transport" written on the side backed into her vehicle on March 25, 2021, then left the scene of the accident. (Doc. 3 ¶¶ 8–10.) Plaintiff alleged that the driver was an employee or agent of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore,

and/or Defendant Bore Express, Inc. ("the Bore defendants"), and that Defendant AmGuard Insurance Company ("AmGuard") insured the Bore defendants. (*Id.* ¶¶ 12–13.) Plaintiff asserts a direct action claim against AmGuard under Georgia's direct action statute. (*Id.* ¶ 108.) At the time of the alleged collision, the direct action statute authorized Plaintiff to "join in the same cause of action the motor carrier and its insurance carrier." O.C.G.A. § 40-2-140(d)(4) (amended July 1, 2024).

Plaintiff filed this action in the State Court of Fulton County on March 17, 2023. (Doc. 1-1.) Plaintiff amended her complaint in that court on May 25, 2023. (Doc. 3.) Defendant AmGuard removed the action to this Court on August 14, 2023, and filed an answer. (Doc. 1, 5.) The Bore defendants did not appear in this case before the parties filed their joint preliminary report and discovery plan on September 13, 2023. (Doc. 15.)

The Court issued a scheduling order setting a deadline for filing motions for summary judgment. (Doc. 27 at 1.) The Court later extended that deadline until June 5, 2024. (Doc. 44.) AmGuard filed a seven-page motion for summary judgment before the deadline, on May 10, 2024. (Doc. 47.)

AmGuard moved for summary judgment on the basis that the policies it issued to the Bore defendants did not include the truck involved in the alleged collision. AmGuard acknowledged that it issued insurance policies to

Defendants Ali Bore d/b/a Bore Transport and Bore Express, Inc. (Doc. 47-1; Doc. 47-2 ¶¶ 5–8.)  But AmGuard denied it was liable for the specific vehicle involved in the accident.  (Doc. 47-2 ¶¶ 9–11.)  AmGuard submitted evidence showing that the VIN number for the truck involved in the collision did not appear in the policies it issued to the Bore defendants.  (Doc. 47-5.)  AmGuard argued—citing no legal authority—that providing the insurance policies without the pertinent VIN number entitles it to summary judgment on Plaintiff's direct action claim.  (Doc. 47-1 at 4–6.)

The Court ordered supplemental briefing.  (Doc. 73.)  After reviewing the summary judgment briefing and the evidence, the Court found evidence showing that the policies AmGuard issued contained MCS-90 endorsements.  *See* (Doc. 47-5 at 49–51, 126–28.)  The endorsements in evidence, along with other authorities, suggest that an insurer, like AmGuard, may be liable to a third party, like Plaintiff, for the negligent use of an insured's motor vehicle, even if the specific vehicle is not listed in the insurance policy.  (Doc. 73 at 3–5.)  The Court thus directed AmGuard to file a reply brief by April 7, 2025, to address the relevance of the MCS-90 endorsements, if any.  (*Id.* at 5.)

AmGuard did not file a reply brief.  Instead, on April 8, 2025, AmGuard filed a notice that it was withdrawing its motion for summary judgment.  (Doc.

76.)  AmGuard explained, "It appears the MCS-90 endorsements may well provide coverage to the insured in this case." (*Id.* at 2.)

On May 28, 2025, AmGuard filed a motion for leave to file an out-of-time second motion for summary judgment.  (Doc. 78.)  AmGuard attached its proposed second motion for summary judgment. (Doc. 78-1.)  Plaintiff opposes AmGuard's request for leave to file an out-of-time second motion for summary judgment.  (Doc. 79 at 14–15.)

## II.   Legal Standard

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)).  "Where a motion for summary judgment is filed after the district court's deadline for dispositive motions, the district court may properly deny it as untimely." *Couch v. Britton*, No. 5:15-CV-26 (MTT), 2016 WL 2993175, at *1 (M.D. Ga. May 23, 2016) (citing *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988)).  Yet "[t]he Court has inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice." *Meeks v. Newcomb*, No. 3:16-CV-193-TCB, 2018 WL 1449286, at *2 (N.D. Ga. Feb. 16, 2018) (collecting cases).  "District courts enjoy broad discretion in deciding how best to manage the cases before them, and that discretion extends to whether to

consider untimely motions for summary judgment." *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 Fed. App'x. 586, 595 (11th Cir. 2008) (internal quotation marks and citations omitted).  Moreover, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

## III. Discussion

AmGuard's motion for leave explains that it "unfortunately omitted several bases for its argument" in its original motion for summary judgment. (Doc. 78 at 1.)  AmGuard states that it should have addressed the issue of the MCS-90 endorsements rather than withdrawing the original motion because its obligations under MCS-90 do not arise under the circumstances presented in this case.  AmGuard asserts that Plaintiff would not be prejudiced by an untimely motion because she would have the opportunity to respond.  (*Id.* at 5.)

The Court declines to consider AmGuard's proposed second motion for summary judgment.  AmGuard makes no effort to address the good cause or excusable neglect standards, explaining only that it "has come across these new arguments late in the game, for sure."  (*Id.* at 4.)  AmGuard provides no explanation why it could not address the issue of the MCS-90 endorsements by

April 7, 2025, as directed by the Court.  Instead, AmGuard waited to address the issue 51 days later, on May 28, 2025, in the proposed motion for summary judgment.  Further, the proposed motion relies on the lack of service upon and appearance by the Bore defendants, but those circumstances have changed since AmGuard proposed the second motion for summary judgment.[1]

Although the Court will not consider AmGuard's proposed motion as filed, (Doc. 78-1), the Court finds that the best interests of justice favor providing the parties another opportunity to file motions for summary judgment.  The Court had not decided AmGuard's first motion for summary judgment before directing AmGuard to file a supplementary brief, which apparently prompted AmGuard to withdraw the first motion altogether.  This case would benefit from a full consideration of summary judgment given the unresolved issues such as the statute of limitations, proper service, and the MCS-90 endorsements.  Also, the Bore defendants should have an opportunity

---

[1] On September 2, 2025, the Court ordered Plaintiff to file adequate proof of service on the Bore Defendants within 21 days.  (Doc. 89.)  Plaintiff filed four returns of service on September 15, 2025.  The returns indicate that Defendants Bore Transport, Inc., Ali Bore, and Bore Express, Inc. were served with process on September 11, 2025.  (Doc. 90, 91, 92.)  However, the return as to Defendant Abshir Bore indicates he was not served.  (Doc. 93.)  On November 5, 2025, Defendants Bore Transport, Inc., Ali Bore, and Bore Express, Inc. filed an answer "by special appearance."  (Doc. 94.)

move for summary judgment since they have now appeared in the case, should they choose to do so.

In sum, AmGuard has failed to meet its burden to file the out-of-time motion for summary judgment it proposes.  However, under the circumstances of this case, the parties should be allowed another opportunity to file motions for summary judgment.  Motions for summary judgment are due **on or before December 15, 2025**.

## IV.    Conclusion

Defendant AmGuard Insurance Company's motion for leave to file out-of-time second motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.  The Court will not consider AmGuard's proposed second motion for summary judgment because it was filed after the deadline without a showing of good cause or excusable neglect.  However, the parties may file new motions for summary judgment.  The Court hereby **EXTENDS** the deadline for filing motions for summary judgment **up to and including December 15, 2025.**

The Court also finds that this case is a good candidate for mediation and settlement.  The parties, including the pro se Plaintiff, have expended significant time and resources on these proceedings.  Yet significant litigation still lies ahead with uncertain results.  The Magistrate Judges in this district

have expertise in helping parties, including those proceeding pro se, resolve their cases by agreement. If the parties are interested in Court-assisted mediation, they should contact the Courtroom Deputy Clerk, Stephanie Pittman, for a referral at (404) 215-1494, or Stephanie_Pittman@gand.uscourts.gov.

**SO ORDERED** this 24th day of November, 2025.

SARAH E. GERAGHTY
United States District Judge